IN THE UNITED STATES DISTRICT COURT
DISTRICT FOR SOUTH CAROLINA
ANDERSON DIVISION

CIVIL ACTION NO.  17-AV-99999

| | |
|---|---|
| Jeff Hawkins and Tamra Hawkins, individually and as guardians for their minor child, S.H., | (State Case No.:   2017-CP-39-01392) |
| Plaintiffs, | |
| vs. | **ANSWER**<br>**(Jury Trial Demanded)** |
| County of Pickens, South Carolina, , Duke Energy Carolinas, LLC, John Does, | |
| Defendants. | |

**TO:   DRUANNE WHITE, ATTORNEY FOR  JEFF HAWKINS AND TAMRA HAWKINS, INDIVIDUALLY AND AS GUARDIANS FOR THEIR MINOR CHILD, S.H.:**

The Defendants, County of Pickens, South Carolina and any John Doe defendants as may be alleged to be in its employ answering the Amended Complaint of the Plaintiffs, above named, and responding to the allegations as follows:

1.      Each and every allegation of the Amended Complaint which is not specifically admitted, qualified or explained is denied and strict proof is demanded thereof.

2.      The Defendants admit the allegations contained in paragraphs 1 - 3 of the Amended Complaint.

3.      The Defendants lack sufficient information to respond to the allegations contained in paragraph 4 of the Amended Complaint and therefore deny the same.

4.      The Defendants admit that the Court of Common Pleas in Pickens County South Carolina has concurrent jurisdiction with this court in this action. The Defendants

deny any allegations contained in paragraphs 5 and 6 of the Amended Complaint inconsistent with this admission.

5.    The Defendants admit the allegations contained in paragraph 7 of the Complaint.

6.    The allegations contained in paragraph 8 of the Amended Complaint do not apply to these Defendants; These Defendants lack sufficient information to form a belief as to the allegations of paragraph 8 of the Amended Complaint and therefore deny the same.

7.    The Defendants admit the allegations contained in paragraphs 9 - 12 of the Amended Complaint.

8.    Pickens County charges admission to the park and a fee for camping and picnic shelter rentals. The Defendants deny any allegations contained in paragraph 13 of the Amended Complaint inconsistent with this admission.

9.    The Defendants deny the allegations contained in paragraphs 14 -16 of the Amended Complaint.

10.    The Defendants admit the allegations contained in paragraph 17 of the Complaint.

11.    The Defendants admit so much of the allegations contained in paragraph 18 of the Amended Complaint as allege that Pickens County allowed for inmates from the Pickens County prison to perform labor at the Mile Creek Park. The Defendants lack sufficient information to respond to the allegations contained in paragraph 18 of the Amended Complaint and therefore deny the same.

2

12.     The Defendants deny the allegations contained in paragraphs 19 - 23 of the Amended Complaint.

13.     The Defendants lack sufficient information to respond to the allegations contained in paragraph 24 and 25 of the Amended Complaint and therefore deny the same.

14.     That the Defendants lack sufficient information so as to form a belief as to the nature and extent of any injuries and damages incurred by the Plaintiffs, if any, and, therefore, deny the allegations of paragraph 26 of the Amended Complaint.

15.     The Defendants lack sufficient information to respond to the allegations contained in paragraph 27 of the Amended Complaint and therefore deny the same, specifically denying that the plaintiff Jeff Hawkins has a claim as a bystander.

16.     The Defendants deny the allegations contained in paragraph 28 - 30 of the Amended Complaint.

17.     The Defendants admit so much of the allegations contained in paragraph 31 of the Amended Complaint as allege that the Pickens County Prison is an agency of Pickens County South Carolina and that the Pickens County Prison has policies customs and procedures governing its inmates, including the hiring supervising and overseeing training as it may apply to the employees of the prison, the inmates, and entities wishing to use prison labor. The defendants deny any allegations contained in paragraph 31 of the Amended Complaint inconsistent with this admission.

18.     The Defendants deny the allegations contained in paragraphs 32 - 36 of the Amended Complaint.

3

**FOR AN FIRST DEFENSE**
**(Reservation and Non-Waiver)**

19.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

20.    Defendants have not had an opportunity to conduct a thorough investigation or to engage in sufficient discovery regarding the circumstances of the Plaintiffs' allegations.  Accordingly, Defendants reserve the right to amend this Answer to assert additional defenses as may arise during the discovery process.

**FOR A SECOND DEFENSE**
**(Lack of Proximate Cause)**

21.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

22.    All or a portion of Plaintiffs' damages claimed in this case were not proximately caused by the Defendants, and this defense of lack of proximate cause is pled as a complete and total defense to all claims.

**FOR A THIRD DEFENSE**
**(Punitive Damages Unconstitutional - Procedural Due Process)**

23.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

24.    To the extent that the Amended Complaint seeks punitive or exemplary damages, it violates the rights of the Defendants to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

**FOR A FOURTH DEFENSE**

4

**(Punitive Damages Unconstitutional - Substantive Due Process)**

25.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

26.    To the extent that the Amended Complaint seeks punitive or exemplary damages, it violates the Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of South Carolina, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

## FOR A FIFTH DEFENSE
**(Failure to State a Claim)**

27.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

28.    The Complaint fails to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to the provisions of SCRCP Rule 12(b)(6).

## FOR A SIXTH DEFENSE
**(Failure to Mitigate Damages)**

29.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

30.    That the Plaintiffs have failed to take prompt and reasonable action under the circumstances to avoid the occurrence of additional damages and such failure to mitigate damages constitutes a complete defense as to that portion of damages which could have been otherwise avoided by reasonable and prompt action on the part of the Plaintiffs.

## FOR A SEVENTH DEFENSE
### (Comparative Negligence)

31.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

**32.**     That the injuries and damages sustained by the Plaintiffs, if any, were due to and caused by and were the direct and proximate result of the negligence, carelessness, recklessness, willfulness and wantonness of Plaintiffs, and recovery should be barred or reduced in proportion to Plaintiffs' negligence as provided by law.

## FOR A EIGHTH DEFENSE
### (Comparative Negligence Reduction)

33.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

34.     In the event the alleged negligence of the Defendants operated as a fifty (50%) percent or greater proximate cause of the accident, which is expressly denied and admitted solely for the purpose of this defense, Defendants are entitled to a reduction of any amount awarded to Plaintiffs in an amount equal to that percentage of his negligence, recklessness and carelessness.

## FOR AN NINTH DEFENSE
### (Intervening & Superseding Negligence)

35.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

36.     That if the Defendants were negligent, which is specifically denied, the injuries and damages sustained by the Plaintiffs, if any, were due to and caused by and were the direct and proximate result of the intervening and superseding negligence, carelessness, recklessness, willfulness and wantonness of others.   This defense is

6

asserted as a complete and total defense to all claims.

## FOR A TENTH DEFENSE
### (Negligence of Third Party)

37.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

38.    Plaintiffs' alleged injuries were directly and proximately caused by a party other than these Defendants, who cannot be held liable for the negligence of others.

## FOR AN ELEVENTH DEFENSE
### (John Doe Defendants)

39.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

40.    The Plaintiffs' use of the John Doe allegations under the facts as alleged is improper and thus fail to state a claim.

## FOR A TWELVETH DEFENSE
### (Immunity)

41.    The Defendants adopt and reallege each and every allegation set forth above and not inconsistent herewith, as if fully repeated herein.

42.    The Defendants allege all rights pursuant to the Eleventh Amendment of the United States Constitution; therefore, the Amended Complaint should be dismissed.

## FOR A THIRTEENTH DEFENSE

43.    . The Defendants adopt and reallege each and every allegation set forth above and not inconsistent herewith, as if fully repeated herein.

44.    The Defendants allege that a defendant sued in or her official capacity are not "persons" for purposes of liability under 42 U.S.C. §1983 and, therefore, the Amended Complaint should be dismissed.

## FOR A FOURTEENTH  DEFENSE
### (Respondeat Superior)

45.    The Defendants adopt and reallege each and every allegation set forth above and not inconsistent herewith, as if fully repeated herein.

46.    The  Amended Complaint against the Defendants is based on *Respondeat Superior* and therefore barred pursuant to 42 USC §1983.

## FOR A FIFTHEENTH DEFENSE

47.    The Defendants adopt and reallege each and every allegation set forth above and not inconsistent herewith, as if fully repeated herein.

48.    The Defendants hereby assert that they are entitled to qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982) and, therefore, the Amended Complaint should be dismissed.

## FOR A SIXTEENTH DEFENSE
### (Punitive Damages Barred)

49.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

50.    To the extent the Plaintiffs are claiming punitive damages against these Defendants such damages are barred pursuant to the South Carolina Tort Claims Act.

## FOR A SEVENTEENTH  DEFENSE
### (South Carolina Tort Claims Act)

51.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim

8

52.    The Defendants alleges and assert the protection from any and all limitations of liability provided by §15-78-120(b) under the South Carolina Code of Laws; therefore, the Amended Complaint should be dismissed.

## FOR A EIGHTEENTH DEFENSE
**(South Carolina Tort Claims Act)**

53.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

54.    The Defendants assert any and all rights of limitations of liability pursuant to §15-78-60 of the South Carolina Code of Laws, including, but not limited to, all applicable subparagraphs of this section; therefore, the Amended Complaint should be dismissed.

## FOR A NINETEENTH DEFENSE
**(South Carolina Tort Claims Act)**

55.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

56.    This Defendants assert any and all defenses and immunities under §15-78-70 of the South Carolina Code of Laws; therefore, the Amended Complaint should be dismissed.

## FOR A TWENTIETH  DEFENSE
**(Public Duty Rule)**

57.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

58.    Any duties from the Defendants to these Plaintiffs arise from statute and are the same duties owed to the public at large pursuant to the laws and statutes of the

State of South Carolina, and therefore the claims are barred pursuant to the public duty rule.

## FOR A TWENTY-FIRST DEFENSE
### (42 U.S.C.§ 1983)

59.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

60.    These Defendants allege all rights and protections pursuant to 42 U.S.C. § 1983 and, therefore, the Amended Complaint should be dismissed.

## FOR AN TWENTY-SECOND DEFENSE
### (Fourth and Eighth Amendments)

61.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

62.    These Defendants allege all rights pursuant to the Fourth and Eighth Amendment of the United States Constitution and, therefore, the Amended Complaint should be dismissed.

## FOR A TWENTY-THIRD DEFENSE
### (S.C. Tort Claims Act)

63.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

64.    To the extent the Plaintiffs are attempting to bring state law claims against these Defendants, pursuant to the South Carolina Tort Claims Act, these Defendants are not proper parties to this suit.

## FOR A TWENTY-FOURTH DEFENSE
### (42 U.S.C.§1983)

65.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

66.     These Defendants assert that the individually named employees are not "person[s]"for purposes under 42 U.S.C. §1983 as they are sued in their official capacity. Therefore, the Amended Complaint should be dismissed with prejudice.

## FOR A TWENTY-FIFTH DEFENSE
### (Punitive Damages)

67.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

68.     These Defendants assert that punitive damages cannot be recovered against a governmental entity or against governmental officials sued in the official capacity under 42 U.S.C. §1983. Therefore, the claim for punitive damages should be stricken.

## FOR A TWENTY-SIXTH DEFENSE
### (Discretionary Duties)

69.      The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

70.      These Defendants assert that at all times relevant these Defendants, as well as any individuals acting on their behalf, were governmental officials performing discretionary functions and actions which would have been reasonably believed or thought to be consistent with the rights of the Plaintiff, and of which each of them has been alleged to have violated. Therefore, these Defendants are immune from suit as a matter of law.

11

## FOR A TWENTY-SEVENTH DEFENSE
### (Lack of Deliberate Indifference)

71.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

72.    These Defendants assert they were never deliberately indifferent to the Plaintiffs needs or rights and, therefore, the Amended Complaint should be dismissed.

## FOR A TWENTY-EIGHTH DEFENSE
### (Objective Reasonable Rights)

73.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

74.    These Defendants assert and allege that their actions with regard to the Plaintiff were based upon an objective reasonable right based upon the existing law, which objective reasonable rights is a complete bar to causes of action against these Defendants. Therefore, Amended Complaint should be dismissed.

## FOR AN TWENTY-NINTH DEFENSE
### (Lack of Knowledge of Violation)

75.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

76.    These Defendants would show that in acting with regard to the Plaintiffs, they had no knowledge that any such actions were in violation of any of the Plaintiff's clearly established constitutional rights (which violations are specifically denied) which lack of knowledge is a complete bar to one or more of the  causes of actions against these Defendants. Therefore, the Amended Complaint should be dismissed.

### FOR A THIRTIETH DEFENSE
**(Limitations of Liability)**

77.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

78.    These Defendants would show that with regard to their actions alleged in their official capacities, liability for such actions are barred by immunity afforded by statutes, case law, United States Constitution and the Constitution of the State of South Carolina; therefore, the Amended Complaint should be dismissed.

### FOR A THIRTY-FIRST DEFENSE
**(Lack of Malice)**

79.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

80.    These Defendants assert that at all times relevant hereto, these Defendants, as well as any individuals acting on behalf of these Defendants, in performance and non-performance of the alleged acts in the Amended Complaint did not perform any acts, or fail to perform any acts in bad faith, and in a malicious manner with corrupt motives, or with deliberate indifference, and therefore each is immune from suit.

### FOR A THIRTY-SECOND DEFENSE
**(Good Faith)**

81.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

82.    These Defendants would show that in regard to the allegations of wrong doing in their official capacity, such actions were taken in good faith, within the scope of their official duties, which good faith is a bar to one or more of the Plaintiffs' causes of

13

action against these Defendants. Therefore, the Amended Complaint should be dismissed.

## FOR A THIRTY-THIRD DEFENSE
### (Reasonable Reliance)

83.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

84.    These Defendants will show that their actions with regard to the Plaintiffs were based upon an objective reasonable reliance upon existing law, which objective reasonable reliance is a complete bar to Plaintiffs' causes of action against these Defendants.

**WHEREFORE**, having fully answered the Amended Complaint of the Plaintiffs, the Defendants pray for a trial by jury and that the Plaintiffs' Amended Complaint be dismissed, together with the costs and disbursements of this action and for such other and further relief as this Court may deem just and proper.


CLAWSON and STAUBES, LLC


s/ Amy M. Snyder_____
Amy M. Snyder
District of S.C. Federal Bar No.:  0980
1000 E North Street, Suite 200
Greenville, South Carolina  29601-3106
Phone:  (864) 331-8940
Fax:      (864) 232-2921
Email:   asnyder@clawsonandstaubes.com
Attorney for County of Pickens and John Does

December 20, 2017

14